[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This dispute arose out of the business relationship between the plaintiff and the defendant. There was no writing to describe their argument, but apparently for almost a year between May of 1993 and April of 1994, the defendant handled the sales of the plaintiff's literary and audio merchandise. The plaintiff, a writer and lecturer who advances his own unique theories on the federal income tax and its legality, arranged for the defendant to receive all of the orders for his material. She, in turn would package and mail the various items. Periodically, she would send the plaintiff an accounting, listing receipts, disbursements, her own charge for services rendered, and a check for any amount due after disbursements. A minus balance would apparently be carried forward.
Sometime in April of 1994, the plaintiff decided the existing arrangement was not providing his operation with the attention his business demanded. Unable to agree on a new arrangement, the parties decided to part company. CT Page 7490
At this time, the plaintiff discovered what he claimed to be evidence of the defendant having retained for herself funds due him. At one point, in June of 1994, the plaintiff went to the defendant's place of business in her home and removed his property in her absence. The defendant claims he removed much more than his property, including her business records.
The plaintiff's suit is in two counts, the first alleging a breach of contract and the second conversion. That count, if proven, calls for treble damages, pursuant to Section 52-564 of the General Statutes.
The defendant has denied all allegations and has counterclaimed, claiming funds "to cover the costs of certain services she rendered on behalf of the defendant. . ."
 I
The defendant has offered an accounting (Exhibit 3) which indicates a substantial balance in her favor. The plaintiff disputes this accounting, $2,000 of which is for the defendant's weekly wages — which the plaintiff claims were never part of any arrangement between the parties.
It should be noted that the dealings between the parties prior to their parting appears to have been amicable and extremely informal. In Exhibit A, the plaintiff has offered several periodic accountings, prepared by the defendant and accepted by the plaintiff. They are all on a single sheet of paper, many the size of steno-pad pages, and are general and succinct. The defendant stated she was told by the plaintiff not to maintain detailed records. (The plaintiff stated in court that there is nothing in the Internal Revenue Code that requires a taxpayer to keep records).
The plaintiff stated on cross examinations that he and the defendant were "even" as of the April 1994 statement. These alleged defalcations then had to arise subsequent to that statement, at a time when the plaintiff characterized his business activity as "dead" because interest in his tax topics terminates with the tax filing deadline of April 15. Yet, many of the checks placed in evidence by the plaintiff and claimed as part of the "converted funds" are dated in March and April (Exhibit C, F, G, etc). CT Page 7491
The court has labored over the exhibits and its trial notes in an attempt to reconcile the numerous questions which exist in this case. It has been unable to do so, in part because of an absence of proof on so many issues.
Finally, the court has examined the proof offered by the plaintiff to evaluate his case "in a vacuum", so to speak. Even this has proved unavailing because the plaintiff has presented no evidence of income, so that figure is derived solely from the defendant.
In evaluating the defendant's "accounting," the court notes the numerous check numbers and amounts listed. Though the plaintiff asserted he had received "over 800 documents" from the defendant, few were presented to rebut the defendant's claims, or to support his. The defendant's bank and business records were not produced. The defendant apparently did not pursue a request for them when it was claimed they were in the possession of a third party.
In brief, the court does not find the plaintiff has met its burden of proof on either count. (The conversion count would require clear and convincing evidence). Judgment may enter for the defendant on the complaint.
The defendant's counterclaim is based on her accounting, Exhibit 3. A portion of it is based on wages the plaintiff denied were ever agreed upon, $2,000.00
Documentation of many of the items is lacking, bank records are lacking save for a partial check register, and neither party resorted to the use of an accountant to support its position.
Judgment on the counterclaim may enter for the plaintiff, defendant on the counterclaim.
Anthony V. DeMayo Judge Trial Referee